UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                19-cr-61 (PKC)

       -against-                                     ORDER

WADE HAYWARD,

                Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Wade Hayward, who represents himself pro se, moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On August 2, 2019, the Court sentenced Hayward to a below-Guidelines sentence of 58 months, and he has a projected release date of March 1, 2023. Hayward asserts that a sentencing reduction is warranted because as a "chronic care prisoner" and a person of African American descent, he faces a heightened risk of serious complications if he is infected with Covid-19. According to Bureau of Prisons ("BOP") medical records, Hayward received a first dose of the Pfizer vaccine against Covid-19 on February 10, 2021 and a second dose on March 4, 2021.

        For the reasons that will be explained, the Court concludes that Hayward has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence. The motion will therefore be denied.

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may

reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction." 18 U.S.C.§ 3582(c)(1)(A)(i). The Court has broad discretion and may consider all circumstances in combination or in isolation. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020); accord United States v. Butler, 2021 WL 1166001, at *1 (2d Cir. Mar. 29, 2021) ("District courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release.") (summary order). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 833 Fed. App'x 850, 852 (2d Cir. 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

Hayward asserts that he applied for compassionate release to the warden of his facility, and that the request was denied in December 4, 2020. (Motion Ex. A.) The government does not dispute that he has exhausted his administrative remedies.

Hayward states that a reduction of his sentence is warranted because Covid-19 "is more deadly to people of color and African Americans" and is "killing us at a higher rate than any other people." (Motion at 1.) He also refers to himself as a "chronic care prisoner." (Id. at 2.) Hayward was born on December 19, 1991 and is 29 years old. While Hayward does not identify a specific medical condition that places him at an increased risk of serious complications arising out of Covid-19, the government has submitted his BOP medical records under seal and has identified a potentially serious underlying health condition in the redacted portions of its memorandum. (Docket # 61.) This condition was known at the time of sentencing. (PSR ¶ 71.) As described in the BOP medical records, Hayward's condition is controlled by prescription

medication and he is asymptomatic. (Gov't Mem. at n.2 & Ex. A p. 19, 31.) Guidance from the Centers for Disease Control ("CDC") advises that persons receiving effective treatment for this condition are believed to carry the same risks associated with Covid-19 as members of the general population.

Hayward's medical records reflect that he has been administered both doses of the Pfizer vaccine against Covid-19. (Gov't Mem. at 4 & Ex. A at 134.) He received the first dosage on February 10, 2021 and the second dosage on March 4, 2021. (Id.) "'[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19.'" United States v. Torres, 2021 WL 1687502, at *3 (S.D.N.Y. Apr. 28, 2021) (Berman, J.) (quoting United States v. Kosic, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021) (Crotty, J.)); accord United States v. Johnson, 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021) (denying motion for sentencing reduction in part because the administration of the first of two vaccine doses "mitigates the risks that [defendant] would otherwise face from the COVID-19 virus.") (Gardephe, J.). In light of Hayward's vaccination status, his risk of being infected with Covid-19 and suffering serious complications is significantly diminished.

Hayward currently resides at Canaan USP. A Bureau of Prisons website indicates that as of May 5, 2021, one inmate and two staff members are confirmed positive for Covid-19.[1] 197 inmates and 74 staff members of Canaan USP have tested positive at some point for Covid-19. 843 inmates and 160 staff members have completed the vaccination process.

According to a Bureau of Prisons website, Hayward has an anticipated release date of March 1, 2023.[2] Hayward has been detained since his arrest on or about January 17,

---

[1] https://www.bop.gov/coronavirus/index.jsp
[2] https://www.bop.gov/inmateloc/

2019. (PSR at 1.) As of May 5, 2021, Hayward has served approximately 55% of his term of incarceration. "[I]t is entirely within the district court's discretion to consider how much time an inmate has already served of his overall sentence when the court is weighing whether a release for extraordinary and compelling circumstances is consistent with the Section 3553(a) factors, such as the need for deterrence and the danger posed to the community by the inmate's release." Butler, 2021 WL 1166001, at *2. That Hayward has served only 55% of a below-Guidelines sentence weighs against his application.

The Court also considers the section 3553(a) factors, including the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the offense, respect for the law, just punishment, deterrence, the need to protect the public, and the avoidance of unwarranted sentencing disparities. 18 U.S.C. § 3553(a). On February 27, 2019, Hayward pleaded guilty to one count of conspiracy to traffic firearms in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). (Docket # 13.) As set forth in the Presentence Report ("PSR"), on September 11, 2018, Hayward sold an Aldo Ulberti Model New Dakota .45 caliber revolver to a confidential government informant for $400. (PSR ¶¶ 10-15.) Hayward delivered the firearm to the confidential informant in an ice cream container, which he handed off at a Dunkin Donuts in Manhattan. (PSR ¶ 13.) Hayward described this transaction at his change-of-plea hearing. (Docket # 13 at 14.) The PSR describes additional, similar transactions between Hayward and the same confidential informant, including the sale of a Smith & Wesson Model SW9VE 9mm pistol and ammunition that took place at a Shake Shack restaurant in Manhattan on September 20, 2018 and the sale of four firearms and ammunition at the same restaurant on October 17, 2018. (PSR ¶¶ 16-28.)

The PSR also summarized Hayward's criminal history, which included two separate convictions for robbery in the second degree in 2008, when he was age 16; a conviction for attempted robbery in the third degree in 2012, when he was age 20; and a conviction for identity theft fraud in 2014, when he was age 22. (PSR ¶¶ 48-51.) Hayward was on parole at the time he committed the firearms-trafficking offense in this case. (PSR ¶ 50.)

The advisory Sentencing Guidelines provided for a sentence of 60 months, which was the statutorily authorized maximum sentence for Hayward's offense. (PSR ¶ 97.)

On August 2, 2019, the Court sentenced Hayward principally to 58 months' imprisonment and three years of supervised release. (Docket # 43.) In giving its statement of reasons, the Court noted that Hayward's offense "is quite serious. Mr. Hayward gave no thought to what would happen with those firearms, what child might go without a mother or father or what child might be hurt or what police officer might be injured or what bystander might be injured or even what some drug dealer might be injured or killed. I assume he gave no thought. I'd be horrified to think that he thought about it and said, it's worth $700 to me." (Sentencing Tr. 10-11.) The Court also noted Hayward's "serious health condition," his history of drug use and the fact that he used his place of employment to engage in the sales of firearms. (Id. 11-12.) It stated that "[b]ecause this is a crime that is so potentially disruptive of the lives of family members, law enforcement, and others, it's a crime that warrants just punishment, warrants deterring others from engaging in conduct of this sort." (Id. at 12.)

Hayward has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). He has been administered both doses of the Pfizer vaccination against Covid-19 and the risks presented by the virus are now significantly diminished. For the reasons stated at sentencing, the section 3553(a)

factors also weigh heavily against a reduction of his sentence. Hayward received a below-Guidelines sentence and has completed approximately 55% of his sentence. Further weighing against his application is the fact that he was on parole at the time he committed the firearms-trafficking offense in this case, which heightens the need for deterrence and the need to protect the public from the defendant. Additionally, as noted, Hayward is age 29, and a report of the United States Sentencing Commission has concluded that there is an 80.7% recidivism rate for firearms offenders released between the ages of 26 and 30.[3]

Viewing all circumstances in combination and in isolation, Hayward has not demonstrated extraordinary and compelling circumstances that warrant a sentencing reduction. His motion is therefore DENIED. The Clerk is directed to terminate the motion. (Docket # 59.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
May 5, 2021

COPY MAILED TO:

Wade Hayward
Register No. 86510-054
USP Canaan
P.O. Box 300
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472

---

[3] Recidivism Among Federal Firearms Offenders, United States Sentencing Commission, at 22 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf (June 2019).